CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 01 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DONNIE M. FAUBER, | CASE NO. 5:11CV00111 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration, | |
| | By: B. Waugh Crigler |
| Defendant. | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's August 23, 2008 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on April 15, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity between the times of his amended alleged disability onset date, December 1, 2004, through his date last insured,

September 30, 2007.[1] (R. 13.) The Law Judge determined that plaintiff suffered the following severe impairments: status post L1 corpectomy with bridging T12 through L2 posterior fusion, status post T4 compression fracture, and osteoporosis. (*Id.*) He did not believe plaintiff suffered an impairment or combination of impairments which met or medically equaled a listed impairment, and that plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work[2]. (R. 14-15.) The Law Judge further found that, through his date last insured, plaintiff was capable of performing his past relevant work as a graphic artist. (R. 18.) Thus, the Law Judge found plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's April 15, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir.

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, September 30, 2007. *See* 20 C.F.R. § 404.131(a). The Law Judge noted that plaintiff earned $4,365 during 2005 and $13,317 during 2006. (R. 13.) However, the Law Judge found that this did not constitute substantial gainful activity throughout the period at issue. (*Id.*)

[2] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

During oral argument, plaintiff's sole contention was that the Law Judge's assessment of his credibility was not consistent with Social Security Ruling ("SSR") 96-7p and the regulations, and thus was not supported by substantial evidence. The undersigned disagrees.

A two-step process for evaluating subjective complaints was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with SSR 96-7p and the regulations at 20 C.F.R. § 404.1529. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors

3

concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 404.1529(c)(3).

At step one in his credibility assessment, the Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 16.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's RFC finding, which provided that plaintiff could perform the full range of light work. (*Id.*)

Contrary to plaintiff's assertions both in his brief and during oral argument, the record shows that the Law Judge thoroughly evaluated the evidence related to plaintiff's subjective complaints and provided a lengthy rationale to support his determination of credibility. Initially, the Law Judge noted that plaintiff's symptoms and limitations were not as severe as he described. (*Id.*) This finding is supported by the record. For example, plaintiff's medical records reveal that he reported working on all of the following dates: March 31, 2005 (R. 307), December 8, 2005 (R. 481), February 13, 2006 (R. 369), May 26, 2005 (R. 482), June 12, 2006 (R. 367), July 3, 2006 (R. 317), November 29, 2006 (R. 471), January 31, 2007 (R. 465), September 6, 2007 (R. 455), June 6, 2007 (R. 459), September 6, 2007 (R. 509), and January 31, 2007 (R. 514).

The Law Judge also noted that plaintiff described performing activities which were not as limited as one would expect from someone alleging disabling symptoms and limitations. (R. 17.) In a November 9, 2007 Function Report, plaintiff stated that he was

4

able to do laundry, cleaning, and perform minor household repairs that didn't require the use of a ladder. (R. 178.) Plaintiff noted he was able to go outside every day, he was able to drive, and he was able to go out shopping once a week. (R. 179) Plaintiff also noted that he was attending church functions three to four times per week, attending car auctions two to three times per month, and visiting friends three to four times per week. (R. 180.)

The record reveals that plaintiff suffered two trauma-related vertebral fractures. In December 2004, he experienced an L1 burst fracture after falling eight feet, and in July 2006, he suffered a T8 fracture which was related to an electrical shock. (R. 465.)

Plaintiff's primary treating orthopaedist was Francis H. Shen, M.D., a specialist at the University of Virginia. On January 13, 2005, Dr. Shen found that plaintiff was doing very well, had "no complaints," and that his pain had resolved. (R. 528.) The physician noted that plaintiff was able to ambulate without aids and had good strength in his lower extremities. (*Id.*)

When he was saw plaintiff on February 24, 2005, Dr. Shen found that he was doing very well and was improving. (R. 529.) The physician noted that plaintiff reported that while he suffered back pain at the end of the day, even this was improving. (*Id.*)

On May 26, 2005, Dr. Shen found that plaintiff was doing "very well." (R. 482.) The physician noted that plaintiff was "extremely active," and was able to do essentially everything he wanted to do. (*Id.*). In fact, Dr. Shen noted that plaintiff reported being able to work remodeling older homes. (*Id.*)

5

On December 8, 2005, Dr. Shen found that plaintiff was doing "quite well." (R. 481.) Plaintiff informed Dr. Shen that he experienced a "little bit" of back pain at the end of the day, but that he was able to sustain work for eight hours a day. (*Id.*)

On July 6, 2006, Dr. Shen noted that plaintiff was able to ambulate without the use of aids. (R. 476.) The physician found that plaintiff was only "nominally" tender to palpitation in the upper thoracic spine, he had full strength in the upper and lower extremities, and his sensation was intact. (*Id.*) Dr. Shen found plaintiff's alignment was acceptable, and he had a negative Hoffmann's[3]. (*Id.*)

Dr. Shen again examined plaintiff on September 7, 2006. (R. 474.) At that time, he noted that plaintiff was ambulating without aids, was only "minimally" tender, had good strength in the upper and lower extremities, and his sensation was intact. (*Id.*)

On December 7, 2006, Dr. Shen noted that plaintiff was being treated "conservatively." (R. 468.) He reported that plaintiff was ambulating without aids, he had good strength in his lower extremities, his sensation was intact, and he had no pain to direct palpation. (*Id.*)

Plaintiff presented to Dr. Shen for routine follow up on September 6, 2007. (R. 509.) At that time, he noted that plaintiff had no complaints, was doing "quite well," and had "switched his job over" and was "doing wood working projects." (*Id.*) Dr. Shen further noted plaintiff walked without aids, had good strength in his upper and lower extremities, and his sensation was intact. (*Id.*)

---

[3] The Hoffmann sign refers to "increased excitability to electrical stimulation in the sensory nerves." Dorland's Illustrated Medical Dictionary 1450 (31st ed. 2007).

6

Plaintiff's physical therapy records during the relevant time period provide additional evidentiary support for the Commissioner's decision. On March 31, 2005, physical therapist Douglas W. Rohr found that plaintiff was able to lift fifty pounds from floor to waist and forty pounds to shoulder height; carry fifty pounds with both hands and thirty pounds single hand carry; and push and pull a maximum of forty to fifty pounds force for twenty-five feet occasionally. (R. 307.) All of this evidence provides substantial support for the Law Judge's credibility determination.

In the end, the undersigned is of the view that the evidence from plaintiff's own treating sources provides a longitudinal view of his treatment and recovery which substantially supports the Law Judge's decision both not to fully credit plaintiff's subjective complaints and also to conclude that plaintiff was able to perform at least his past relevant work. For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The

Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

6-1-2012
Date

8